UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 07-30122 |
| ALLEN W. BLEVINS, | ) |
| Defendant. | ) |

### MOTION OF THE UNITED STATES FOR A FINAL ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Final Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

### SUPPORTING SUGGESTIONS

1. On December 28, 2007, the Defendant was charged by Information with unlawfully hunting, and transporting wildlife in interstate or foreign commerce in violation of the Lacey Act, 16 U.S.C. §3372(a)(2)(A).

2. Count 2 of the Information sought forfeiture, pursuant to 16 U.S.C. §3374, of any and all wildlife transported contrary to the provisions of 16 U.S.C. §3372, including but not limited to:

    (a)    One 10-point white-tailed deer mount killed by the defendant on October 1, 2004;

    (b)    One 8-point white-tailed deer mount killed by the defendant on November 12, 2004;

    (c)    One 10-point white-tailed deer mount killed by the defendant on November 25, 2004.

3. On February 4, 2008, the defendant entered into a plea agreement with the government, whereby he pled guilty to the Information and agreed to the forfeiture of the three white-tailed deer mounts.

4. By virtue of the plea agreement and the evidence presented, this Court found that the government has proven the appropriate nexus between the items sought to be forfeited and the illegal acts for which the defendant was charged.

5. In accordance with Rule G(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the government is not required to publish notice of forfeiture where the value of the forfeited items is less than $1,000 and notice is sent to every person reasonably identified as a potential claimant.  Because the wildlife was hunted, acquired and transported illegally and is essentially contraband, there are no potential claimants other than the U.S. Department of Fish and Wildlife, to which notice should be sent, and the forfeitability of the items to the United States can be determined without the necessity of third party ancillary proceedings.

Accordingly, the United States respectfully requests that this Court enter a final order of forfeiture as proposed in the attached order.

>
> Respectfully submitted,
>
> RODGER A. HEATON
> UNITED STATES ATTORNEY
>
>
> /s/   Patricia A. McInerney
> Assistant United States Attorney
> Illinois Attorney Bar No. 0782440
> 318 South 6th Street
> Springfield, Illinois 62701
> (217) 492-4450
> Fax: (217) 492-4044
> E-mail: patricia.mcinerney@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on February 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

D. Peter Wise
peter@gwspc.com

s/Patricia A. McInerney
Assistant United States Attorney
Illinois Attorney Bar No. 0782440
318 South 6th Street
Springfield, Illinois 62701
(217) 492-4450
Fax: (217) 492-4044
E-mail:patricia.mcinerney@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  07-30122 |
| | ) |
| ALLEN W. BLEVINS, | ) |
| | ) |
| Defendant. | ) |

**FINAL ORDER OF FORFEITURE**

THIS MATTER coming on for hearing on the government's motion for entry of an Order of Forfeiture upon Defendant ALLEN W. BLEVINS' plea of guilty and pursuant to 21 U.S.C. §853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the Court finds as follows:

1.   The Information in the above described cause sought the forfeiture of certain property, namely:

(a)   One 10-point white-tailed deer mount killed by the defendant on October 1, 2004;

(b)   One 8-point white-tailed deer mount killed by the defendant on November 12, 2004;

(c)   One 10-point white-tailed deer mount killed by the defendant on November 25, 2004.

The Information alleged that said items were wildlife illegally hunted and transported in interstate or foreign commerce by the defendant in violation of Title 16 U.S.C.

§§3372(a)(2)(A) and 3373(d)(2), and pursuant to 16 U.S.C. §3374 are forfeited to the United States of America.

2. On February 4, 2008, the defendant entered into a plea agreement with the government, whereby he pled guilty to the Information and agreed to the forfeiture of the three white-tailed deer mounts.

3. By virtue of the plea agreement and the evidence presented, this Court found that the government has proven the appropriate nexus between the items sought to be forfeited and the illegal acts for which the defendant was charged.

4. Because the wildlife was hunted, acquired and transported illegally and is essentially contraband, there are no potential claimants other than the U.S. Department of Fish and Wildlife to which notice must be sent, and the forfeitability of the items to the United States can be determined at this time without the necessity of third party ancillary proceedings.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

A. All right, title and interest in and to the following items is hereby forfeited to the United States of America:

   (1) One 10-point white-tailed deer mount killed by the defendant on October 1, 2004;

   (2) One 8-point white-tailed deer mount killed by the defendant on November 12, 2004; and

       (3)     One 10-point white-tailed deer mount killed by the defendant on November 25, 2004.

  B.     The United States/U.S. Department of Fish and Wildlife is hereby authorized to seize said property for disposition in accordance with law.

ENTERED this _____ day of _____, 2008.

 

_____
U.S. Magistrate Judge Byron G. Cudmore